Filed 2/14/23 P. v. Jones CA3
Opinion following transfer from Supreme Court

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C089456 |
| Plaintiff and Respondent, | (Super. Ct. No. STK-CR-FE-1995-0005970 & SC058201A) |
| v. | |
| TIMOTHY RAY JONES, | OPINION ON TRANSFER |
| Defendant and Appellant. | |

Defendant Timothy Ray Jones appeals the denial of his petition for resentencing under what is now Penal Code section 1172.6[1] because the trial court reviewed the record and did not first appoint counsel. In our original opinion filed June 9, 2021, we affirmed the order based on a special circumstance finding.

---

[1] Undesignated statutory references are to the Penal Code. Effective June 30, 2022, former section 1170.95 was renumbered as section 1172.6 without substantive change. (Stats. 2022, ch. 58, § 10.) We will refer to the section by its new numbering.

1

Defendant petitioned our Supreme Court for review; that court has now directed us to reconsider the matter in light of *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*). Having done so, we again affirm because the special circumstance finding here meant the jury found defendant had the intent to kill.

FACTUAL BACKGROUND

We take these facts from our opinion in defendant's direct appeal. (*People v. Jones* (Oct. 2, 1998, C023350) [nonpub. opn.] (*Jones*).)[2] In November 1992, a young man was shot and killed outside of a convenience store; about $700 was taken from his wallet. Police found at the scene beer bottles with fingerprints from defendant and codefendant Anthony Dean. In pretrial interviews, at Dean's earlier trial (where Dean was convicted of murder), and at defendant's trial, several witnesses said they either saw defendant and Dean at the scene of the crime or defendant and Dean mentioned the shooting to them.

After trial in 1996, the jury found defendant guilty of murder (§ 187) and second degree robbery (§ 211), also finding true the robbery-murder special-circumstance allegation (§ 190.2, subd. (a)(17)(A)). It did not find true he personally used a firearm (§ 1022.5, subd. (a)) but did find true he was armed in the commission of the crimes (§ 12022, subd. (a)). Defendant was sentenced to life without the possibility of parole. For the special circumstance allegation, the jury was given CALJIC No. 8.80, which stated that, "If you find beyond a reasonable doubt that the defendant was the actual killer or an aider or abettor but you are unable to decide which, then you must also find beyond a reasonable doubt that the defendant with intent to kill aided and abetted an actor in the

---

[2] On our own motion, we take judicial notice of this prior decision. (Evid. Code, § 452, subd. (d).) We provide this summary of facts from the prior opinion in defendant's direct appeal solely for context and do not rely on these facts for our analysis or disposition here. (See § 1172.6, subd. (d)(3).)

2

commission of the murder in the first degree in order to find the special circumstance to be true. [¶] On the other hand, if you find beyond a reasonable doubt that the defendant was the actual killer, you need not find that the defendant intended to kill a human being in order to find the special circumstance to be true."

Defendant appealed alleging, among other issues, insufficient evidence supporting the special circumstance finding because the jury did not find true the personal use of a firearm allegation, and there was insufficient evidence supporting an intent to kill. Defendant did not discuss the relevant evidence, instead reserving argument to address respondent's position. We declined to explicitly reach this issue because defendant waived it by failing to discuss the relevant evidence. (*Jones, supra*, C023350 [p. 17].) Still, we noted the testimony of two witnesses was "more than sufficient to support the special circumstance because it demonstrates a plan to rob the victim at gunpoint; that the testimony of the defense witnesses may have made it impossible for the jury to resolve one way or the other beyond a reasonable doubt who actually shot the victim does not invalidate this conclusion." (*Ibid.*) We affirmed the judgment.

In February 2019, defendant filed a petition for resentencing under what is now section 1172.6 alleging he could not now be convicted of murder because of the changes made to sections 188 and 189. The petition alleged he was not the actual killer, did not aid or abet the murder with the intent to kill, and was not a major participant in the felony or act with reckless indifference to human life. He also requested the court appoint counsel for the resentencing process.

The trial court denied the motion by written order without appointing defense counsel or accepting briefing. The order quoted the jury instructions provided at defendant's trial, including CALJIC No. 8.80 for the special circumstance finding. Relying on our opinion in defendant's direct appeal and the jury's verdicts, the court concluded that because the jury found true the special circumstance, they necessarily

3

found either defendant was the actual killer or an aider and abettor who acted with the specific intent to kill, rendering him ineligible for resentencing under section 1172.6.

## DISCUSSION

Defendant contends the trial court erred in summarily denying his section 1172.6 petition based on the special circumstance finding. He contends that after *Strong*, that finding cannot render him ineligible at the prima face stage.[3] We disagree.

### Legal Background

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437), which became effective on January 1, 2019, "amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1(f).)

Section 188, which defines malice, now provides in part: "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3); Stats. 2018, ch. 1015, § 2.) Section 189, subdivision (e) now limits the circumstances under which a person may be convicted of felony murder: "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) [(defining first degree murder)] in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill,

---

[3] Defendant originally argued the trial court erred in summarily denying his section 1172.6 petition by reviewing the record of conviction and not first appointing counsel. He abandons this position on transfer, recognizing that any procedural error would be harmless if the record of conviction establishes his ineligibility as a matter of law.

4

aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2." (Stats. 2018, ch. 1015, § 3.)

Senate Bill 1437 also added former section 1170.95, now section 1172.6, which allows those convicted of felony murder or murder under the natural and probable consequences theory to petition the trial court to vacate and resentence the defendant. (§ 1172.6, subd. (a).) "If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause" and then hold an evidentiary hearing to determine beyond a reasonable doubt whether the petitioner is entitled to relief. (§ 1172.6, subd. (c); *id.* subd. (d).)

The prima facie inquiry under section 1172.6, subdivision (c) is "limited." (*People v. Lewis* (2021) 11 Cal.5th 952, 971.) The court " ' "takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause." ' [Citations.] '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' [Citations.] 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Ibid.*)

Analysis

The jury for defendant's trial found the special circumstance true, and the instruction for this allegation required the jury to find defendant either the actual killer or an aider and abettor who acted with the intent to kill. Either finding still satisfies the requirements for murder after Senate Bill 1437. Therefore, defendant is ineligible as a matter of law, and cannot make a prima facie case for relief.

5

This finding is also not invalidated by our Supreme Court's finding in *Strong*. In *Strong*, our Supreme Court analyzed the validity of special circumstance findings to render petitioners ineligible under section 1172.6. (*Strong, supra*, 13 Cal.5th 698.) The court noted that in 1990, felony-murder special-circumstance liability was extended by voter initiative to major participants who acted with reckless indifference to human life. (*Id*. at p. 705.) And the court had modified the analysis for who qualifies as a major participant who acted with reckless indifference to human life in *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522. The *Strong* court noted that the *Banks* and *Clark* cases "both substantially clarified the law governing findings under . . . section 190.2, subdivision (d)." (*Strong,* at p. 706.) Thus, the court made clear that when a defendant's case "was tried before both *Banks* and *Clark*, the special circumstance findings do not preclude him from making out a prima facie case for resentencing under section 1172.6." (*Id.* at p. 721.)

*Strong* does not apply to defendant because the jury in his trial was given the pre-1990 jury instruction. This meant there was no option for the jury to find the special circumstance true by finding defendant a major participant who acted with reckless indifference to human life. As defendant acknowledges, "there was no instruction on 'major participant' or 'reckless indifference.' " The jury, therefore, either found defendant to have been the actual killer or had the intent to kill. (*Banks, supra*, 61 Cal.4th at p. 798 ["as it stood in 1990, state law made only those felony-murder aiders and abettors who intended to kill eligible for a death sentence"].) It is not clear why the jury in 1996 was given pre-1990 instructions, but this error was in defendant's benefit as it imposed a more stringent burden to find the special circumstance true.

In defendant's supplemental brief after transfer from the Supreme Court, he contends the special circumstance instruction is not dispositive because it only applied if the jury was "unable to decide" if he was the actual killer or an aider or abettor. He points out, given the jury finding not true the firearm use enhancement, the jury must

6

have found he was the aider and abettor, therefore the instruction given did not apply to him.

Defendant is foreclosed from challenging the special circumstance finding based on the jury instruction for two reasons. First, we have no jurisdiction to consider defendant's challenge. Any ambiguity in the instruction was present at his trial but defendant failed to challenge this instruction on direct appeal. "California law prohibits a direct attack upon a conviction in a second appeal after a limited remand for resentencing or other posttrial procedures." (*People v. Senior* (1995) 33 Cal.App.4th 531, 535; *id.* at p. 538 ["where a criminal defendant could have raised an issue in a prior appeal, the appellate court need not entertain the issue in a subsequent appeal absent a showing of justification for the delay"]; *In re Harris* (1993) 5 Cal.4th 813, 829 ["Proper appellate procedure thus demands that, absent strong justification, issues that could be raised on appeal must initially be so presented."], disapproved on another point in *Shalabi v. City of Fontana* (2021) 11 Cal.5th 842, 854-855.)

Second, the law of the case doctrine forecloses reconsideration of the special circumstance finding. "[W]hen an appellate court ' "states in its opinion a principle or rule of law necessary to the decision, that principle or rule becomes the law of the case and must be adhered to throughout [the case's] subsequent progress, both in the lower court and upon subsequent appeal . . . ." ' " (*People v. Barragan* (2004) 32 Cal.4th 236, 246.) The law of the case doctrine applies to findings related to the legal sufficiency of the evidence. (*Ibid.*)

Defendant argued in his direct appeal that the special circumstance finding lacked sufficient evidence because the jury must have found it true on a theory of accomplice liability and there was no "evidence of the requisite intent," meaning the intent to kill. (*Jones, supra*, C023350 [p. 16].) We rejected this argument and found there was sufficient evidence for an intent to kill based on the testimony of two witnesses that "demonstrate[d] a plan to rob the victim at gunpoint." (*Jones, supra*, C023350 [p. 17].)

7

Defendant now attempts to undermine the jury's special circumstance finding by arguing "there has been no implied finding of intent to kill" because of the jury instruction. Though utilizing a different argument, defendant again attempts to undermine the intent to kill finding. Consequently, defendant "simply seeks to have a subsequent appellate panel disagree with the first appellate panel. We decline this invitation." (*People v. Sons* (2008) 164 Cal.App.4th 90, 99.)

## DISPOSITION

The judgment is affirmed.

/s/
HOCH, J.*

We concur:

/s/
ROBIE, Acting P. J.

/s/
EARL, J.

---

* Retired Associate Justice of the Court of Appeal, Third Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.